# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.

**ORBRA MCMURTRY,**

        **Movant.**

Case No. 10-C-0984
(Criminal Case No. 05-CR-231)

## DECISION AND ORDER

This matter is before the Court on the pro se motion of the Movant, Orbra McMurtry ("McMurtry"), under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On August 2, 2006, McMurtry plead guilty before this Court to a charge of making false statements to a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) and 2 (Count Three). This Court sentenced McMurtry on December 4, 2006, to 27 months as to Count Three, to run consecutively to his state court sentence and dismissed Counts One and Two of the superseding indictment on the motion of the Plaintiff, the United States of America (the "United States").

McMurtry's motion for relief pursuant to § 2255 raises one ground. He asserts that he has a constitutional right to enforcement of the plea agreement that he entered into with

the United States. McMurtry's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2).[1] "If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." The face of McMurtry's motion, the attachment and the record of prior proceedings, do not plainly disclose that McMurtry is not entitled to relief. Therefore, the Court will require the Plaintiff, United States of America, to file an answer to McMurtry's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The

---

[1]As amended effective January 7, 2008, paragraph two of Section 2255 is Section 2255(b).

answer must conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

**On or before January 10, 2011**, the United States **MUST FILE** an answer to McMurtry's motion for relief pursuant to § 2255. The answer **MUST** conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

McMurtry is notified that, from now on, he is required, under Fed. R. Crim. P. 49 and Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the Plaintiff's attorney. McMurtry should also retain a personal copy of each document. If McMurtry does not have access to a photocopy machine, McMurtry may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Plaintiff's attorney.

Dated at Milwaukee, Wisconsin this 6th day of December 2010.

                                        **BY THE COURT**

                                        *s/ Rudolph T. Randa*
                                        **Hon. Rudolph T. Randa**
                                        **U.S. District Judge**